**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **NANCY B. CONWELL** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | **CIVIL NO. 2:10-cv-26 TJW CE** |
| | § | |
| **ST. MARY LAND & EXPLORATION COMPANY** | § | |
| | § | |
| | § | **JURY DEMAND** |
| **Defendant.** | § | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Nancy B. Conwell, hereinafter "Plaintiff" or "Conwell" and files this her Second Amended Complaint under the laws of the State of Texas, to recover damages from and declaratory judgment against St. Mary Land & Exploration Company, hereinafter "Defendant" or "St. Mary", for the wrongful conduct which defendant has committed. Plaintiff would respectfully show this Honorable Court the following:

**I.
JURISDICTION**

1.     The parties to this proceeding are citizens of different states and the amount in controversy is more than $75,000.00, exclusive of interest and costs. Jurisdiction of this matter is proper pursuant to 28 U.S.C. § 1332(a).

**II.
PARTIES**

2.     Nancy B. Conwell is a citizen of Harrison County, Texas.

3.     St. Mary Land & Exploration Company is a Delaware corporation, with its principal place of business in Colorado, and is authorized to do business in Texas. St. Mary is

1

now, and at all times relevant hereto, doing business in the Marshall Division of the Eastern District of Texas by operating natural gas and/or oil wells and transacting related business thereto. Defendant is properly before the court and no service is necessary.

### III.
### VENUE

4.      Venue of this action is proper in the Eastern District of Texas, Marshall Division, pursuant to 28 U.S.C. § 1391, as defendant resides in this district, and is subject to personal jurisdiction in this district. Further, the property in question is located in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

### IV.
### STATEMENT OF FACTS

5.      This lawsuit arises out of a dispute over the ownership interest in certain mineral interest. Plaintiff's father, Charles Rex Brown, was a business partner with Pat Reynolds in the late 1970s and 1980s. That relationship existed in part with the Reynolds Drilling Co., Inc. which explored for and produced oil and natural gas in East Texas. As part of the agreement between the principals, Mr. Brown and Mr. Reynolds, certain overriding royalty interest were set aside to their children.

6.      Numerous wells were drilled in several units including the Eva Osborne Gas Unit, the Ola Carter Estate Unit and the Boise Southern Unit. Upon information and belief, from the first production runs from the wells on these units, plaintiff was paid an overriding royalty interest. These units having been formed in the early and mid 1980s.

7.      Reynolds Drilling Co., Inc. was the operator of these units until February 1996 at which time Arrowhead Enterprises, Inc. began operating these units. Arrowhead Enterprises, Inc. continued paying Plaintiff the overriding royalty that she was rightfully due.

8. Upon Information and belief, defendant, St. Mary, took over operations of the units in question in 2006. Defendant continued to pay Plaintiff the overriding royalty that she was due until January 2009. Defendant terminated the payment of royalties based upon "failure of title".

9. Despite a course of conduct over the better part of 25 years by the original parties to the transactions and their successors in interest, including payments to Nancy B. Conwell, and including Nancy B. Conwell on "pay decks" and including Nancy B. Conwell in wells drilled on the units after it became operator. St. Mary unilaterally determined that said overriding royalty was never granted to Nancy B. Conwell. On August 30, 2010, Reynolds Drilling Co., Inc., formally conveyed the disputed interest in writing to Nancy B. Conwell.

10. Plaintiff at all times relevant hereto has received Form 1099 from the respective operators, including Defendant, evidencing the payment of an obligation from Defendant.

11. Plaintiff would show that the interest conveyed by Reynolds Drilling to Arrowhead, and subsequently from Arrowhead to St. Mary did not include the overriding royalty interest which Plaintiff owns and claims.

## CAUSES OF ACTION

### V.
### MONEY HAD AND RECEIVED

12. Defendant is in possession of overriding royalty payments due Plaintiff which Defendant refuses to pay Plaintiff. Plaintiff is entitled to damages for the failure of Defendant to timely pay Plaintiff the monies due her.

13. Whenever it is said that the employee of Defendants did or failed to do any act or thing, it was done in his capacity as an employee, representative, servant, or agent of Defendants, with full authorization or ratification of said Defendant, and in the course and scope of his

employment as an employee, representative, servant, or agent of Defendants.

## VI.
## GROSS NEGLIGENCE

14. Plaintiff realleges the above allegations and incorporates them by reference.

15. Defendants' conduct as set forth above and constituted gross negligence and malice, in that, when viewed objectively from the standpoint of the Defendant at the time of the act or omission, the conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and in that Defendant had actual, subjective awareness of the risk involved, but, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of others.

## VII.
## BREACH OF CONTRACT

16. An agreement existed between Plaintiff's father, Charles Rex Brown, and Defendant's predecessor in interest Reynolds Drilling Co, Inc. "Reynolds" for the payment of certain overriding royalties to Plaintiff. Defendant, as successor in interest to Reynolds is bound to perform said obligations and has failed to do so. Plaintiff, as the third party beneficiary of those agreements has suffered loss by the failure of Defendant to adhere to the agreements made.

## VIII.
## CONTRACT IMPLIED IN FACT

17. In the alternative, Plaintiff pleads for the enforcement of a contract implied in fact as a result of the course of dealing between the parties and their respective predecessors in interest.

## IX.

**CONSTRUCTIVE TRUST**

18.     In the alternative, Plaintiff seeks the imposition of a constructive trust, in equity, to redress the unjust enrichment of Defendant and to return unto her what is rightfully hers. Plaintiff would show that fiduciary and/or confidential relationship existed between Reynolds and Charles Rex Brown, to which Plaintiff was a third party beneficiary. Defendant and their predecessors in interest, though the long and continued recognition of the interest owned by Plaintiff has in all things ratified the existence of said contract and honored the terms thereof, specifically, the payment of the overriding royalty interest to Plaintiff. Further, Defendant is estopped to deny the existence of the contract by honoring the terms of the contract, that is, the payment of the overriding royalty interest to Plaintiff. Plaintiff received the benefit of an agreement written, or verbal, in the form of payments of overriding royalty from the time of the first runs on the units in question until the wrongful termination by Defendant in 2009. Through the conveyance executed August 30, 2010, Reynolds Drilling Co., Inc. has formally recognized the interest, in writing, which Plaintiff claims. Reynolds, its successor in interest, Arrowhead, and Defendant, for more than two decades recognized the agreement that provided for overriding royalty payments to Plaintiff. Defendant, upon purchasing its interest in the units failed to pay consideration for the benefit it now seeks to confer upon itself through unilaterally disavowing that an overriding royalty interest is owned by Plaintiff. Defendant seeks to take advantage of the passage of time and claim that no such agreements ever existed despite the fact that Defendant recognized, acknowledged, and in fact performed under said agreement for three years.

**X.
CONVERSION**

19.     Defendant is in possession of property that is owned by Plaintiff over which

5

Defendant has wrongfully exerted its control.  Such conduct amounts to conversion as a result of which Plaintiff has suffered damages.  Such conduct was committed knowingly and intentionally and therefore supports the imposition of punitive damages.

## XI.
## DECLARATORY JUDGMENT

20. A dispute exists between Plaintiff and Defendant over the ownership of the overriding royalty interest in question and whether the monies received by Plaintiff are rightfully hers.  Plaintiff seeks a declaration by this Court that Plaintiff is, and has always been, the owner of an overriding royalty interest in the units set forth above and that the monies received by her are rightfully hers.

21. In the alternative, in the absence of ownership of the overriding royalty interest in Plaintiff, Plaintiff pleads that the interest is owned by Reynolds Drilling as nominee for the benefit of Plaintiff.

## XII.
## ESTOPPEL

22. Plaintiff asserts that Defendant is barred from taking a position which is contrary to the position that they, along with the predecessors in interest have taken over a period of more than twenty years, that is, that Plaintiff, Nancy Conwell owns an overriding royalty interest in the units in question.

## XIII.
## DAMAGES

23. Upon the trial of this cause, it will be shown that Plaintiff was caused to suffer damages as a result of Defendant's acts and/or omissions. From the date of the breach in question until the time of trial of this cause, and into the future, those elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and

reasonably compensate Plaintiff are as follows:

a) The amount of monies due to plaintiff under the contract;

b) Exemplary and punitive damages;

c) Attorneys' Fees.

## XIV.
## INTEREST

24. Plaintiff also seeks prejudgment and post-judgment interest as allowed by law.

## XV.
## PRAYER

25. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer, and that upon final trial Plaintiffs have:

26. Judgment against Defendants for a sum exclusive of interest, costs, attorneys' fees, or punitive/exemplary damages in excess of $75,000;

27. Prejudgment interest as provided by law;

28. Interest after judgment as provided by law;

29. Costs of suit;

30. Attorneys' Fees;

31. Declaration of the rights of Plaintiff and the obligation of Defendant; and

32. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ Dean A. Searle
Dean A. Searle
LAW OFFICE OF DEAN A SEARLE PC
Pclifton74@gmail.com
Texas Bar No. 17956600
P.O. Box 910

305 W. Rusk St.
Marshall, TX  75671
(903) 935-9772 Telephone
(903) 935-9790 Fax


OF COUNSEL:

Michael T. Runyan
michael@runyanlaw.com
SBOT #24033143
RUNYAN LAW FIRM, PC
305 W. Rusk St.
Marshall, Texas  75670
(903) 935-7700 Telephone
(903) 935-7702 Fax
Attorney for Plaintiffs

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

**CERTIFICATE OF SERVICE**

    I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this the 7th day of September, 2010, with a copy of this notice via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).  Any other counsel of record will be served via facsimile and/or U.S. Mail on this same date.


    /s/ Michael T. Runyan
    Michael T. Runyan